IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
No. 7:12-CR-15-1BO

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | |
| v. | ) | O R D E R |
| | ) | |
| DANIEL JACKSON PETERSON | ) | |

This cause is before the Court on defendant's motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A). [DE 49]. The government opposes release. [DE 56]. A hearing on the matter was held before the undersigned on May 30, 2019, at Raleigh, North Carolina. For the reasons that follow, defendant's motion is granted.

## BACKGROUND

Defendant, Peterson, is currently serving a term of 132 months' imprisonment after pleading guilty to possession with intent to distribute a quantity of cocaine base and discharging a firearm in furtherance of a drug trafficking offense in violation of 21 U.S.C. § 841 and 18 U.S.C. § 924(c). [DE 45]. Peterson was sentenced on November 27, 2013, and his current projected release date is May 1, 2022. *See* https://www.bop.gov/inmateloc/ (last visited May 31, 2019). Peterson has served approximately ninety-one months of his sentence, including good time credit. [DE 49].

Peterson is now eighty years old and, the parties agree, has multiple medical conditions, which include dementia, leg amputation below the right knee, chronic pain, glaucoma, gout, coronary artery disease, and aortic aneurysm. *See* [DE 56-1]; [DE 49-1]. Peterson is confined to a wheelchair, and, according to the Bureau of Prisons, he "is considered to be experiencing

deteriorating mental and physical health that substantially diminishes his ability to function in a correctional facility . . .." [DE 56-1].

## DISCUSSION

Subject to few exceptions, a sentence that has been imposed may not be modified. 18 U.S.C. § 3582(c). One exception to this general rule applies where a defendant qualifies for a reduction in his sentence due to certain age or health factors, often referred to as compassionate release. 18 U.S.C. § 3582(c)(1)(A). Prior to the passage of the First Step Act on December 21, 2018,[1] the discretion to file a motion for compassionate release under § 3582(c)(1)(A) rested entirely with the Director of the Bureau of Prisons. Section 603 of the First Step Act amended 18 U.S.C. § 3582(c)(1)(A) to provide that a defendant may request compassionate release from the sentencing court after exhausting his administrative remedies. Peterson's most recent request to the Director of the Bureau of Prisons for compassionate release was denied on May 1, 2019, and there is no dispute that Peterson has exhausted his administrative remedies as required.

Compassionate release may be available to defendants where (1) extraordinary and compelling circumstances warrant a reduction in sentence or (2) a defendant who is serving a life sentenced imposed under 18 U.S.C. § 3559(c) is at least seventy years old and has served at least thirty years in prison. 18 U.S.C. §§ 3582(c)(1)(A)(i)-(ii). A reduction under either section must be consistent with applicable policy statements issued by the United States Sentencing Commission. *Id.* at (c)(1)(A). Because Peterson is not serving a sentence imposed under § 3559(c), he must demonstrate that extraordinary and compelling circumstances support his release.

The commentary to section 1B1.13 of the United States Sentencing Commission's *Guidelines Manuel* provides specific criteria for determining whether extraordinary and

---

[1] Pub. L. 115-391, 132 Stat. 5194.

2

compelling circumstances are present. U.S.S.G. § 1B1.13, comment. n.1. These criteria generally concern the age, medical condition, or family circumstances of the defendant. In addition to considering whether extraordinary and compelling circumstances are present, in order to determine that a reduction in sentence is warranted a court must further consider the 18 U.S.C. § 3553(a) factors to the extent they are applicable and determine whether the defendant is a danger to the safety of another person or the community as provided in 18 U.S.C. § 3142(g). U.S.S.G. § 1B1.13.

In this case, there is no genuine dispute that Peterson's age, medical conditions, and the amount of time he has served would satisfy the criteria for demonstrating extraordinary and compelling circumstances. *See* U.S.S.G. § 1B1.13 comment. n.1(A)(ii)(III) & n.1(B); *see also* Bureau of Prisons Program Statement 5050.50 § 4(b); [DE 49-1; 56; 56-1]. The dispute in this case concerns whether the § 3553(a) and § 3142(g) factors support a reduction in Peterson's sentence. To this end, the government offered the testimony of two Sampson County Sheriff's Deputies at the May 30, 2019, hearing, both of whom testified about the circumstances of Peterson's underlying offense conduct and their opinions that Peterson would be a danger to the community if released. Peterson was also present at the hearing and made a statement to the Court.

The Court has considered the relevant factors, as well as the testimony and statement offered at the hearing, and finds that a reduction in Peterson's sentence is appropriate. At the outset, the Court recognizes that Peterson was seventy-four years old at the time of sentencing, that his underlying offenses include a serious crime of violence, and that several of Peterson's current medical ailments were present at the time of sentencing. *But see* U.S.S.G. § 1B1.13 comment. n. 2.

Peterson's current state, however, presents a slight, if any, threat of dangerousness to any other person or the community. Peterson is now confined to a wheelchair or bed and suffers from

3

worsening dementia in addition to his numerous other health problems, including chronic pain. Having observed him at the hearing, the toll that almost seven years of incarceration has taken on Peterson, now eighty years old, is plain. There is no suggestion that Peterson maintains any ties to the drug community in which he previously operated. Peterson proffered that he will be living with his daughter upon his release from prison and that the United States Probation Office has approved her residence as suitable. Peterson will also serve a term of three years of supervised release; Peterson's supervised release conditions expressly prohibit him from possessing a firearm and he will be closely monitored by a United States Probation Officer during his term of supervision.

In other words, the nature and circumstances of Peterson's offense conduct, though serious, are mitigated by the characteristics of Peterson as he now comes before the Court. Peterson has demonstrated that his sentence served to date is sufficient in light of his age and medical conditions to deter him from further criminal conduct, protect the public, and promote respect for the law. Accordingly, an additional three years of custody is not necessary to satisfy the goals of sentencing.

## CONCLUSION

For the foregoing reasons, Peterson's motion for compassionate release [DE 49] is GRANTED. Peterson's sentence is hereby reduced to time served. All other provisions of the judgment entered November 27, 2013, remain in full force and effect.

SO ORDERED, this _4_ day of June, 2019.

*Terrence W. Boyle*
TERRENCE W. BOYLE
CHIEF UNITED STATES DISTRICT JUDGE

4